

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,002-01

### EX PARTE JUSTIN WAYNE WARREN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W17-50870-I(A) IN THE CRIMINAL DISTRICT COURT NO. 2 FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant entered an open plea of guilty to aggravated assault with family violence, and was sentenced by the trial court to fifty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Warren v. State*, No. 05-17-01130-CR (Tex. App. — Dallas August 6, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that trial counsel was ineffective because trial

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

counsel failed to investigate the facts and the law, failed to have Applicant evaluated for competency, advised Applicant to waive his right to a jury trial and enter an open plea of guilty, failed to advise Applicant of his privilege against self-incrimination, elicited unfavorable testimony from Applicant on direct examination, failed to challenge the enhancement allegation on the basis that Applicant was a juvenile when he committed the offense, failed to object to the absence of medical evidence showing the seriousness of the complainant's injuries, failed to object to the introduction of photographs taken by the complainant's wife on the basis that they were not properly authenticated. and failed to object when multiple witnesses were in the courtroom to hear each other's testimony after the rule had been invoked.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 9, 2020
Do not publish